SUMMARY ORDER
This multi-district litigation involves wrongful death claims brought by surviv *587 ing family members of passengers of Gol Linhas Inteligentes S.A. Boeing 737-800 Flight 1907, which crashed in the Amazon rainforest on September 29, 2006, killing all on board. Plaintiffs in this action are Brazilian citizens and residents. The decedents they represent were also Brazilian citizens and residents at the time of their death. Plaintiffs appeal the grant of a motion to dismiss on grounds of forum non conveniens, entered on July 2, 2008. In re Air Crash Near Peixoto De Azeveda, Brazil, on Sept. 29, 2006, 574 F.Supp.2d 272, 275 (E.D.N.Y.2008). We presume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
For substantially the reasons stated in the decision of the district court, we affirm. It is by now well-established that “[t]he fomm non conveniens determination is committed to the sound discretion of the trial court.” Piper Aircraft Co. v. Reyno, 454 U.S. 235, 257, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). We will reverse “only when there has been a clear abuse of discretion.” Id. When, as in this case, the “court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference.” Id.
The district court properly determined the degree of deference owed to Plaintiffs’ choice of forum. In re Air Crash Near Peixoto, 574 F.Supp.2d at 282; see Iragorri v. United Techs. Corp., 274 F.3d 65, 71-72 (2d Cir.2001). The district court was well within its discretion in concluding that Brazil is an available and adequate alternative forum. In re Air Crash Near Peixoto, 574 F.Supp.2d at 284-85; see Piper, 454 U.S. at 255 n. 22, 102 S.Ct. 252. Finally, the district court thoroughly assessed the private and public interest factors attending a forum non conveniens determination, and properly found that “the important factors of lack of jurisdiction in this forum over potentially liable parties and the lack of compulsory process over witnesses and evidence in Brazil, together with other considerations, swing the balance sufficiently to make this forum genuinely inconvenient and a Brazilian forum significantly preferable.” In re Air Crash Near Peixoto, 574 F.Supp.2d at 289 (internal quotation marks omitted); see also Iragorri, 274 F.3d at 73-75.
The district court made its dismissal on forum non conveniens grounds subject to several conditions enumerated in its opinion. In re Air Crash Near Peixoto, 574 F.Supp.2d at 290. In addition to those conditions, which remain operative, Defendants have agreed that the Pilot Defendants, Joseph Lepore and Jan Paul Paladi-no, will submit to videotaped depositions in the United States, and that Defendants will not object in Brazilian proceedings to the admissibility of those depositions on the basis, of either (1) the fact that the depositions were conducted in the United States, or (2) the format of the testimony.
The Court has reviewed Plaintiffs remaining arguments and finds them to be without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.